MilligAN, J.,
delivered the opinion of the court:
The claimant seeks the judgment of this court for $86.10, alleged to be due him on his compensation as a clerk in the Treasury Department.
On the 14th of October, 1864, he was duly appointed by the Secretary of the Treasury to a clerkship of the fourth class in the office of the Auditor of the Treasury for the Post-Office Department, and as such became entitled, under the Act 3d March, 1853, (10 Stat. L., p. 209,) to an annual salary of eighteen hundred dollars.
He entered on the discharge of his duties as such clerk, and was regularly borne on the pay-rolls until the 9th of November, 1869, when he was discharged by order of the Secretary of the Treasury.
In the month of August, 1869, he appears to have been absent from his duties, by reason of sickness, six days, and in September following, for the same cause, twelve days, making an absence from duty in the two months of eighteen days. For this period he has received no compensation; and this suit is brought to recover the amount due' on his salary for the eighteen days he was absent on account of sickness.
The defense set up against the claimant’s right of recovery *566 is found in the rules and regulations established -by the Secretary of the Treasury on the 1st day of June, 1869, for the government of his Department, the first, sixth, and seventh articles of which read as follows :
“ I. From and after this date the office-hours of the several Bureaus shall be from 9 o’clock a. m. to 3 o’clock p. m. *
“ YI. Employés will be allowed leave of absence not to exceed one month in any fiscal year, and any absence over this allowance, whether authorized or unauthorized, will be without pay. * * * * * *
“ VII. When absence is caused by sickness, a certificate of the attending physician, showing his daily attendance from the first to the last call, must be furnished. If a physician is not employed, other evidence of the disability, satisfactory to the head of the Bureau, will be received.”
On the 23d of September, 1869, the claimant forwarded, through the Auditor of the Post-Office Department, the following certificate to the Secretary:
“ WASHINGTON, D. 0., September 21, 1809.
“I hereby certify that Joseph A. Ware was sick and unable to attend to his duties for six days in August and twelve days in September. I further certify that I was in daily attendance upon him.
“ O. W. FORD, M. BP
This certificate was, on the same day it bears date, indorsed by the Auditor and referred to the Secretary.
On the 2d of September the Secretary directed the Sixth Auditor to cause the disbursing clerk to deduct from the claimant's pay, for the month of August, six days ,• and, following this order, on the 8th of October, 1869, the Secretary directed the same officer to cause the claimant to be docked for the month of September twelve days, which, as before shown, was in both instances done.
On the facts found, it is wholly unnecessary, at present, to determine the Secretary’s authority under law to enforce the regulations of his Department dated the 1st of June, 1869, and hereinbefore noticed. Admitting this right, and the application of the regulations to the claimant, it is perfectly plain that the claimant, for the months of August and September, was not obnoxious to them. His absence from duty is excused by *567 bis disability, wbicb is fully proven by tbe certificate of bis attending physician. ‘ ’ .
The form of tbe certificate is in conformity to tbe requirements of tbe seventh article of tbe Secretary’s regulations, and there is nothing in this record even tending to impeach its validity, and why tbe claimant was not paid tbe full amount of the salary duo is difficult to comprehend.
It is true the seventh article of tbe Secretary’s regulations does not, in terms, declare that tbe attending physician’s certificate shall both excuse tbe claimant’s absence from duty and entitle him to bis salary for the period be was detained by sickness, but it obviously has no other meaning, and would have no effect if such interpretation was not given to it.
The claimant has done all he could do under the circumstances of this case, and there is no authority that we know of which authorizes the Secretary, in such a case, to withhold any portion of his compensation fixed by law. His remedy was to remove him, not arbitrarily to cut down bis compensation.
Judgment will be entered for the claimant for $86.10.