Davis, J.,
delivered tbe opinion of tbe court:
In tbe legislative, executive, and judicial appropriation act approved March 3 (1 Supp. Rev., Stat., 409), there *96 appears (sec. á) a paragraph fixing the hours of labor and the vacations of clerks and employés in the Executive Departments. Prior to this legislation the “principal officer” in each of the Executive Departments had a full discretion in the management of this and kindred minor matters in the Department which he administered, and leaves of absence depended entirely upon his discretion, exercised through the appropriate subordinates. Thestatute, therefore, is simply one of limitation upon a power necessarily implied as an incident to executive responsibility, and, therefore, is to be extended no further than its terms clearly ordain.
The provision is as follows:
“ Sec. 4. That hereafter it shall be the duty of the heads of the several Executive Departments, in the interest of the public service, to require of all clerks and other employés, of whatever gradé or class, in their respective departments not less than seven hours of labor each day, except Sundays and days declared public holidays by law or executive order.
“Provided, That the heads of the Departments may, by special order stating the reason, further extend or limit the hours of service of any clerk or employé in their Departments respectively, but in case of an extension it shall be without additional compensation.
“And all absence from the Departments on the part of said clerks or other employés in excess of snch leave of absence as may be granted by the heads thereof, which shall not exceed thirty days in one year, except in case of sickness, shall be without pay.”
This act, therefore, defines (with certain exceptions named therein, and not to this case important) the day’s work for clerks and other employés in the Executive Departments, and recognizes a privilege to a certain leave of absence during the year. To this latter clause alone need we devote attention in the case at bar.
The plaintiff was ill and unfitted for labor, and for this reason was absent from the Treasury Department, where she was a clerk, for more than thirty days in one year. During her absence she was paid a portion of her salary, which she received without objection, and for which she receipted; the rest of her salary was used to pay a substitute, who performed her duties. Plaintiff now asks for a judgment which shall reimburse her the money thus paid the substitute.
*97 We have already decided (but before tie passage of tie act now under consideration) tiat—
“ Tie incumbent of an office is prima facie entitled to tie lawful compensation tiereof so long as ie iolds tie office, tiougi ie may be disabled by disease or bodily injury from performing its duties. If it be an office ield at the will of tie appointing power, and tiat power does not see fit to have tie compensation go on while tie incumbent is so disabled, tie only remedy, in tie absence of express law or regulation authorizing tie stoppage of tie compensation during tie disability, is to remove tie incumbent and so end iis right to compensation. If the appointing power suffers him to continue in office, notwithstanding tie disability, ie is entitled to tie compensation. This right may be cut off by law- or regulation authorizing it 5 but not by tie act of tie appointing power without tie authority of law or regulation.” (Sleigh v. The United States, 9 C. Cls. R., 375; see also Ware v. The United States, 7 C. Cls. R., 565.)
To tiat opinion as tie declaration of a principle we adhere.
Does tie act of March 3,1883 (supra), present an exception to this principle? It assumes, of course, tiat all leaves of absence may be. allowed by tie head of Department, who usually acts in this matter through tie accustomed channels of executive control, and not necessarily in person in each individual case; further, tie act authorizes leaves of absence to be granted for thirty days in any one year with pay; it prohibits pay for a longer absence than thirty days in any one year (even if leave be properly given), but with this exception, tiat pay may be given for an absence exceeding the said thirty days in any one year when sickness is tie cause of tiat extended absence.
If, then, tie case presented simply tie facts. tiat plaintiff was absent for any period, no matter of what length, through sickness, and tiat, during all tiat time, she was borne as a clerk or employee upon tie Treasury’s rolls, judgment would be entered in her favor. Tie remedy of tie Secretary for too prolonged absence of an invalid employé is dismissal; tiat such a harsh measure should not be adopted until all other means have failed of reconciling tie good of tie public service with tie needs of a deserving subordinate may be well understood. Absolute power should be gently administered, with a due'regard to tie wants, necessities, and strength of faithful subor *98 dinates, and with, a recollection of competent and faithful service performed, which, in the Departments, as in private employ, should not be overlooked or treated slightingly.
The dilemma, too often presented to a conscientious chief, is to decide where the Government’s best interests lie. Upon the one hand he may instantly dismiss a clerk who is physically unable to perform his duties and fill his place with a stronger and younger man; such a proceeding, however, might lose to the Government the services of a valuable employe who through years of faithful endeavor has accumulated a store of experience which it would be foolish to sacrifice for temporary gain of activity. Nor would it be wrong to remember antecedent faithful and self-sacrificing service and possible other elements, sentimental in their nature, but none the less valuable, and not to be lightly neglected by those having power.
Upon such questions as these the executive officers alone can decide; they are questions of discretion, which in their nature belong to those having the responsibility. Congress has recognized this; courts can not interfere with the exercise of this discretion. When the plaintiff fell ill, and thereafter during her sickness, she was entitled to her salary, for she still remained a clerk; on the other hand, the Secretary of the Treasury could have dismissed her at any moment; he did not, but he employed a substitute in her place and divided the salary between the two, a method which he undoubtedly deemed the best solution of 'the apjiarent conflict between the plaintiff’s rights and those of the Government. The plaintiff accepted her share of this division without protest, and we must hold that thereby she assented to the arrangement. The Secretary clearly had the right to dismiss her; he did not dismiss her; lie did employ some one to do her work; this she knew, and she accepted the reduced pay, thus avoiding the danger of dismissal. What the Secretary would have done had she declined the proposed arrangement we have no means of knowing, but he had the right and power to instantly terminate this plaintiff’s employment; he preferred to offer a compromise; she accepted it.
This case and that of Mrs. Emory (which follows it) involved personal hardship which appealed to the discretion of their superior officers; that discretion has been exercised under the *99 responsibility of official duty; we can not interfere with the result reached by these officers acting clearly within their legal power.
Petition dismissed.