Weldon J.,
delivered the opinion of the court:
The statute applicable to the issue in this case is as follows:
“All absences from the Department on the part of said clerks or employees in excess of such leave of absence as may be granted by the heads thereof (which shall not exceed thirty days in any one year, except in case of sickness) shall be without pay.” (Act March 3, 1883, Supp. Rev. Stat., 409.)
Under this statute it is discretionary with the heads of the Departments to grant or refuse leaves of absence; and the exercise of such discretion can not be affected by judicial decision. All absence without the consent of the head of a Department is without pay; and absence with the permission of the head of the Department is subject to such conditions and limitations as may be imposed by the authority granting the leave.
Under the discretion allowed to the Secretary, annual leave of absence with pay is limited to thirty days; but in the exceptional case of sickness it may be extended beyond the period of thirty days.
It is contended by counsel that so long as the name of the claimant was kept on the rolls of the Department he was in law holding his position, and was therefore entitled to pay, notwithstanding that the leave of absence was granted by the Secretary upon the condition that no pay was to be allowed. If this contention be true, its ubjects every clerk and employee of the Department to a most serious condition of official life. If no discretion is left with the Secretary in the case of sickness, then to relieve the G-overnment from the liability to pay the salary iu case of protracted illness the head of the Department must declare the position vacant, and thereby discharge the incumbent from a situation he is most desirous of retaining. That construction of the statute would subject the victim of ill health to a solicitude most dangerous in its character, and many worthy officers and employees of the Departments would by the necessity of the situation, be compelled to lose their places, not from their fault, but from their misfortune,
*18 The statute was intended to regulate and limit the rig’ht of absence by giving to the heads of Departments a discretion to grant leaves, but not to exceed thirty days with pay, except in sickness, when they may in the exercise of their discretion give a leave for more than thirty days with pay. Absence with pay to the extent of thirty days, and m case of sickness beyond that time, is entirely in the discretion of the head of the Department, and when he attaches to a sick leave the condition “without pay,” that condition (being in the discretion of the Secretary, because of his complete control and jurisdiction of the whole matter) becomes a part of the claim of the officer, and he is bound by it in the suspension of his salary.
The purpose of the law is to regulate absence from duty in the Departments, and in effecting that purpose it has placed in the discretion of the Secretary the power to regulate and limit such absence in time and as to pay in case of sickness. By reference to the statute it will be seen that the heads of the several Executive Departments have power to regulate the hours of service of any clerk or employee in their respective Departments, notwithstanding the law requires at least seven hours service in the absence of such special order, and the only limitation upon such discretion is that an extension “shall be without additional compensation.”
We are cited to the opinion of the Attorney-General (Op. Atty. Gen. 18, vol. 352) as sustaining the right of claimant to recover. We have carefully considered that opinion, and while its meaning is not entirely free from doubt, the concluding paragraph in the opinion of the court is by implication in favor of the theory of the law we now announce, “that when thirty-day absence in any one year has been granted with pay additional absence can be granted to the same party with pay in case of sickness.” From this opinion the right to pay depends upon the grant by the Secretary of the Interior, and without that grant no right can exist. And the fact that a person is kept on the rolls can not supply the requirement of the grant.
The case of Sleigh (9 C. Cls. R.., 369) is cited as sustaining the right of claimant to recover.
The statute of 1883 was not in existence at the time of that decision, and in the absence of the statute that case would *19 undoubtedly establish the right of recovery. So in tlie Ware Case (7 C. Cls. R., 565) this court decided that absence caused by sickness, if the claimant complied with the regulation as to a certificate of a physician, did not authorize the Department to deduct from the pay of the clerk for the time absent on account of sickness. But that case was prior in time to the Sleigh Case, and in the absence of any statute giving authority to the head of a Department to regulate the absence generally and absence on account of sickness.
In the case of Chisholm (27 C. Cls. R., 94) the question at issue was whether the pai’ty was bound by a payment made to a substitute, and the court held that the payment to the substitute estopped the principal from claiming the same money, and incidentally recognized the doctrine of the Sleigh and Ware cases. Upon more mature reflection we are constrained to hold that those cases do not apply since the passage of the act of 1883; and the claimant having been granted leave of absence without pay, he is bound by that condition, it being within the. discretion of the Secretary, and the petition is dismissed.